AO 91 (Rev. 11/11) Criminal Complaint

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
16 JAN -8 AM 11:45
CLERK-LAS CRUCES

# UNITED STATES DISTRICT COURT

for the

District of New Mexico

United States of America
v.
Kyla Lashawn NORBY

*Defendant(s)*

Case No. 16-51 MJ

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of May 1, 2015 - December 30, 2015 in the county of Lea in the State and District of New Mexico, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 USC 2251(a) | Production of Child Pornography |
| 18 USC 2252(a) | Distribution of Child Pornography |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

*Complainant's signature*

Roy Vasquez, HSI Special Agent

*Printed name and title*

Sworn to before me and signed in my presence.

Date: January 8, 2016

*Judge's signature*

City and state: Las Cruces, New Mexico

LOURDES A. MARTINEZ
U.S. MAGISTRATE JUDGE

*Printed name and title*

**Introduction**

1. I, Special Agent Roy Vasquez, I am a Special Agent (SA) with Homeland Security Investigations (HSI) and have been so employed since May 2006. I am currently assigned to the Child Exploitation Group, HSI Las Cruces, NM where I am assigned to investigate individuals involved in the exploitation of minors including violations of Title 18, USC §§ 1591, 2251, 2252, and 2421. Prior to my employment with HSI, I was a United States Customs Senior Inspector for six years. I have attended over twenty-three weeks of investigative training at the Federal Law Enforcement Training Center in Glynco, Georgia. Since becoming a Special Agent, I have worked with experienced special agents who investigate Child Exploitation offenses. In the performance of my duties, I have investigated and assisted in the investigation of matters involving the possession, collection, production, advertisement, receipt, and transportation of child pornography. As a Special Agent with HSI, I have been trained in the investigation of computer related child exploitation, including child pornography, cases and have worked on over 20 child exploitation investigations. I have participated in the executions of six search warrants where evidence of crimes involving child exploitation was seized. I have also attended several trainings presented by the Internet Crimes Against Children (ICAC) Task Force, during which I received additional training in investigative techniques related to the investigation of child exploitation offenses.

2. The information set forth in this affidavit was derived from my own investigation and/or communicated to me by other sworn law enforcement officers of the Department of Homeland Security, Lea County Deputies, as well as other law enforcement entities. Because this affidavit is submitted for the limited purpose of securing an arrest warrant, your Affiant has not included each and every fact known to me concerning this investigation. Your Affiant has set forth only those facts that your Affiant believes are necessary to establish that probable cause to support a criminal complaint against Kyla Lashawn NORBY in violation of distribution of child pornography in violation of 18 USC § 2252(a)(2); and production of child pornography in violation of 18 USC § 2251(a).

Lam

**Relevant Statutes**

3. 18 USC § 2252(a)(2) makes it a federal crime for any person to knowingly distribute any visual depiction of a minor engaging in sexually explicit conduct through the use of any means or facility affecting interstate or foreign commerce.

4. 18 U.S.C. § 2251(a) makes it a federal crime for any person to employ, use, persuade, induce, entice, or coerce any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

**Details of the Investigation**

5. On December 30, 2015, Homeland Security Investigations (HSI) Special Agents stationed in Laredo, Texas arrested an adult male for violating 18 USC § 2422, enticement of a minor. During a post-*Miranda* interview of that male, he revealed that he had sexual contact with a prepubescent female, specifically a toddler approximately two-year's old, after the caretaker of the child had made the child sexually available to him in Odessa, Texas, where he lives. The Odessa male told agents the name of the female-caretaker is Kyla NORBY and also gave the name of the child. After receiving consent to search his smartphone, agents found images of an adult female and other images that depicted child pornography. The Odessa male stated the caretaker had sent him the images, including the child pornography images, from her smartphone. Agents identified a New Mexico phone number they believed belonged to NORBY throughout the Odessa

male's call history. Records checks revealed the address for the phone subscriber came back to an address in Hobbs, New Mexico. Records checks also revealed the same address was listed for a Kyla NORBY on a New Mexico driver's license. Agents also reviewed the picture of NORBY on her New Mexico driver's license and confirmed it appeared she was the same adult female in the images sent to the Odessa male.

6. On January 4, 2015, agents obtained a federal search warrant to search NORBY's residence. Later that day, HSI agents, with the assistance of Lea County Deputies, executed the search warrant at the Hobbs' residence. Once inside the residence, agents confirmed that certain backdrops in the home appeared consistent with the backdrops in the images believed to be sent from NORBY to the Odessa male. Agents made contact with NORBY, advised her of her *Miranda* rights, and NORBY agreed to be interviewed.

7. During the interview NORBY admitted that she had been in contact with the Odessa male, and admitted that she had taken pornographic images of the victim in the child pornography images found on the Odessa male's phone. NORBY also admitted she sent those images to the Odessa male. Specifically, NORBY was shown an image—found on the Odessa male's phone—where a prepubescent female's genitals are spread apart by an adult hand that appears to have red nail polish on the fingernails. The focal point of the picture is the minor's genitalia. NORBY stated the adult hand is hers and admitted she took the photograph. NORBY additionally admitted she sent that image to the Odessa male using her cell phone. At the time NORBY sent the picture, she was in the state of New Mexico and the Odessa male who received it was in the state of Texas.

8. NORBY also confirmed that she had met up with the Odessa male in Odessa, Texas. NORBY stated that there was an occasion where she was driving her vehicle and the Odessa male was in the passenger seat and the minor victim from the child pornography images was in the back seat. She stated the adult male stated his desire to have sexual contact with the minor victim. The Odessa male then climbed into the back seat, removed the minor's diaper and had oral sexual contact with the minor victim.

9. When agents were at NORBY's residence executing the search warrant, they did an initial forensic preview of NORBY's phone. Agents did not locate any images of child

Lam

pornography on the phone at that time. This is consistent with NORBY's interview because she told agents she had deleted the child pornography images she had produced. Agents did find non-pornographic images of two minors that were also found on the Odessa male's phone. NORBY confirmed she had sent the non-pornographic images of the minors to the Odessa male.

**Conclusion**

10. Based on all of the above information, your Affiant submits there is probable cause to believe that Kyla Lashawn NORBY violated 18 USC § 2252(a)(2), distribution of child pornography; and 18 USC § 2251(a), production of child pornography. Your Affiant requests an arrest warrant based upon the criminal complaint in this matter.

Assistant United States Attorney Marisa Lizarraga authorized federal prosecution for 18 USC § 2252(a)(2), distribution of child pornography; and 18 USC § 2251(a), production of child pornography.

I swear that this information is true and correct to the best of my knowledge.

Respectfully submitted,

Roy Vasquez
Special Agent
Department of Homeland Security

Subscribed to and sworn to
before me, this 8th of January, 2016

Lourdes Martinez

Lourdes A. Martinez
United States Magistrate Judge